**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Richard Scott MORK, Defendant—Appellant.**

**No. 04–30547.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Victoria L. Francis, Office of the U.S. Attorney, Billings, MT, for Plaintiff-Appellee.

Robert Kelleher, Esq., Kelleher Law Office, Billings, MT, for Defendant-Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Richard Scott Mork appeals from his sentence following his guilty plea conviction for bank fraud in violation of 18 U.S.C. § 1344. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Mork contends that the district court erred in enhancing his offense level under U.S.S.G. § 3B1.3 because he did not abuse a position of public or private trust vis-a-vis the banks, who he identifies as the only victims of his crimes. We disagree. "A position of trust under § 3B1.3 must be examined from the victim's perspective," but "victims of fraud are not limited to the entities that bear the ultimate financial burden, but also include those who bear emotional, financial and other burdens." *United States v. Peyton,* 353 F.3d 1080, 1091 (9th Cir.2003). Mork's victims included not only the defrauded banks, but also vehicle purchasers who unwittingly bought cars subject to the banks' liens.

Nevertheless, because the district court's factfinding regarding the position of trust enhancement resulted in a sentence exceeding that which could be imposed based solely on the facts Mork admitted in his plea agreement, we remand to the sentencing court to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).

**REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.